## McCARTY *et al.* v. CAIN *et al.*

No. 1482.    Opinion Filed August 23, 1910.

(110 Pac. 653.)

1.  **SCHOOLS AND SCHOOL DISTRICTS—Selection of Schoolhouse Site.** Under the terms of section 8056, Comp. Laws Okla. 1909, where a school district has no school house, a majority of the qualified electors of the district. at a school meeting lawfully assembled and called for such purpose, may designate a site for the same.

2.  **SCHOOLS AND SCHOOL DISTRICTS—Special Election—Notice to Voters.** Where a special election is assailed on the ground of lack of compliance with all of the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by J. E. McCarty and others against J. H. Cain and others.   Judgment for defendants, and plaintiffs bring error. Affirmed.

*H. A. Ledbetter* and *Ledbetter, Stuart & Bell,* for plaintiffs in error.

*Potterf & Walker,* for defendants in error.

DUNN, C. J.    This case presents error from the district court of Carter county.    March 8, 1909, plaintiffs in error as plaintiffs filed their petition in which they averred that they were citizens, property holders, and taxpayers of Lone Grove school district No. 32 of Carter county,; that the defendants were the trustees of said district; that the said district owns a schoolhouse worth at least $700 situated within one-half mile of the center, and that the same was being used as the schoolhouse for that district; that the property owned by said district within the said house was worth $400; that the defendants, without having obtained the requisite number of qualified voters in the said district, are threatening to move the location of said school, and are threatening to buy a site upon which to locate said school which will cost $300 and to erect a building thereon to cost about $8,000, and are threatening to draw a warrant for $300 to pay for said site; that this action on their part is illegal and without authority of law, and, if permitted, will make a charge against the property oft these plaintiffs; that the defendants are about to take a deed to the said lot, and have ordered a warrant to pay for the same against said school district, and, unless prevented, the same will be consummated, and pray that an injunction issue restraining defendants from purchasing the lot and from removing said school site or taking any action in reference to the same.    On this petition a temporary restraining order was granted.    The defendants filed answer, in which they denied that the school district owned a schoolhouse, and averred that they were acting in accordance with the decision of an election duly held by the qualified voters of the district providing for the purchase of and the location of a schoolhouse site and building; that, in pursuance of said election, the defendants had purchased the site selected and had taken a deed therefor from the owner which had been duly filed for record in the office of the register of deeds.    Defendants further pleaded

that the district had voted bonds in the sum of $8,000 for the purpose of providing schoolhouse facilities for the district. On a trial of the issues thus made the court on the 13th day of March, 1909, denied the prayer of plaintiffs' petition, and vacated, set aside, and dissolved the temporary injunction. It is to review this action that the case has been brought to this court by proceedings in error.

From the record it appears that some time prior to the erection of Oklahoma into a state a number of citizens residing in the neighborhood of and within the territory of this school district joined together, and by popular subscription erected a building to be used by the people generally for school purposes, for the holding of church, and for the Masonic Lodge. After statehood and on the organization of the school district, this building was continued to be used as it had been, but neither the title to it nor its site was in the district. After the organization of the district, and on February 18, 1909, notices were posted calling for a special meeting of the electors for the purpose of voting for a school site. The election thus called was duly held. The record shows that there are about 215 electors residing in the district; that 178 votes were cast, of which 104 were in favor of purchasing the site involved, and 74 against it. Counsel for plaintiffs rely upon the provisions of section 8058, Comp. Laws Okla. 1909, which provides:

"In school districts having schoolhouses the value of which is not less than five hundred dollars, the schoolhouse site shall not be changed except by a vote of at least three-fifths of the legal voters of such district in favor of such change."

As noted above, three-fifths of the legal voters of the district, computing their number at 215, did not vote in favor of the change, and the question presented is: What is the meaning of the phrase, "in school districts having schoolhouses"? If the character of tenure held by this school district in the use of this building will meet the requirements of the statute, then it will be seen that the site was not changed or affected by the vote cast. The other section relating to the same subject (section 8056) pro-

vides that the inhabitants qualified to vote at a school meeting lawfully assembled "shall have power to designate by vote a site for the district schoolhouse." If the school district had no schoolhouse, then a site could be selected under this section by a bare majority of the qualified electors of such meeting, and it is on this theory that defendants are proceeding. *Stayton v. Butchee et al.,* 16 Okla. 232, 82 Pac. 726. Under the section last quoted, in the first instance, a majority of the qualified electors of a district lawfully assembled have power to select a schoolhouse site, and section 8058 it appears to us contemplates that after the school site has once been selected by the voters of a district, and a schoolhouse erected thereon, it thereafter cannot be changed except by the increased vote provided for therein. In any event, it is essential that the district have some tangible substantial title in a schoolhouse before section 8058 would apply in an election to change; so that in this instance the majority of the qualified electors of the district not owning the school site nor having a schoolhouse were vested with authority to locate it.

Counsel for plaintiffs in their brief seek to make the point that there was lack of compliance with all of the statutory requirements in the giving of the notice of the special election, but, as there is no averment to support the same in their petition, and no showing made in the evidence that the electors did not all have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same cannot be avoided on this ground. *Town of Grove v. Haskell et al.,* 24 Okla. 707, 104 Pac. 56.

Finding no error in the judgment of the trial court, the same is accordingly affirmed.

KANE and HAYES, JJ., concur; WILLIAMS, J., concurs in conclusion; TURNER, J., absent.