**LOWE et al. v. CONSOLIDATED SCHOOL DIST. NO. 97, BLAINE COUNTY, et al.**

No. 11149—Opinion Filed Aug. 10, 1920.

(Syllabus by the Court.)

**1. Schools and School Districts—Elections—Validity—Notice.**

Where a special election is assailed on the ground of lack of compliance with all the statutory requirements with reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account.

**2. Same—Consolidated District — Attaching Territory—Right of Appeal.**

There is no constitutional provision, nor legislative enactment, which provides for an appeal from the action of the county superintendent in attaching to and making a part of a consolidated school district a part of an adjacent school district upon a petition signed by a majority of the legal voters of such territory desiring to be attached, and the board of directors of such consolidated school district, under section 1, art. 7, ch. 219, Sess. Laws 1913, and such detached territory becomes a part of the consolidated district from the day the order is made.

**3. Same—Bond Election — Qualifications of Electors.**

All persons, including females, residing in a consolidated school district, and possessing the qualifications of electors, as defined by the Constitution and laws of this state, are entitled to vote on the question of issuance of bonds for said school district, although the territory in which they reside has been a part of the school district for less than 30 days.

**4. Same—Bonds for Schoolhouse—Statutes —Repeal.**

Section 7835, Rev. Laws 1910, was not repealed by chapter 219, Sess. Laws 1913.

Error from District Court, Blaine County; Thos. A. Edwards, Judge.

Action by H. T. Lowe and A. C. Dickens against Consolidated School District No. 97 of Blaine County and the members of the board of directors thereof to restrain the issuance of bonds. Judgment for defendants, and plaintiffs bring error. Affirmed.

Seymour Foose and R. C. Brown, for plaintiffs in error.

Geo. P. Glaze, for defendants in error.

RAINEY, C. J. This action was commenced in the district court of Blaine county by the plaintiffs, who were residents of consolidated school district No. 97, against said consolidated school district as defendant, for the purpose of restraining the issuance of bonds in the sum of $20,000, voted by the electors of said consolidated school district for schoolhouse purposes. Trial was to the court, resulting in a judgment for the defendant, from which the plaintiffs have appealed.

The first error assigned is that the election was void for the want of legal notice of the time of holding it, and under this assignment

it is contended that one of the five notices of said election required to be posted by section 7873, Rev. Laws 1910, fixed the date of the election as the 24th day of May, 1919, when in fact the election was held on the 29th day of said month. This discrepancy is explained by Mr. Thomas, one of the witnesses for the plaintiffs, who testified that it was at first intended to hold the election on the 24th day of May, and that notices were prepared for that date, but that it was later decided to hold the election on the 29th and that the notices, which were afterwards posted, were made to read the 29th instead of the 24th. He further testified that the figures were changed from "24" to "29" on each of said notices, but that after about 12 days the figure "9" had disappeared from one of the notices and "4" appeared in lieu thereof. It was contended that this was probably caused by climatic conditions. But conceding that one of the notices, by inadvertence, did read the 24th instead of the 29th, this irregularity would not defeat the election in the absence of an averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof. The rule prevailing in this jurisdiction has been recently re-announced in cause No. 11254, J. A. Ratliff et al. v. State of Oklahoma ex rel. W. H. Woods, County Attorney of McClain County, in an opinion rendered August 10, 1920 (not yet officially reported), wherein, in the second paragraph of the syllabus, we held:

"Where a special election is assailed on the ground of lack of compliance with all of the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account."

To the same effect are Grove v. Haskell, 24 Okla. 707, 104 Pac. 56; McCarty v. Cain, 27 Okla. 22, 110 Pac. 653; Hughes v. City of Sapulpa, 75 Okla. 149, 182 Pac. 511. See Lamb v. Palmer et al., decided July 13, 1920, 79 Okla. 68.

In the instant case there is nothing in the record to show that any elector was misled or prevented from casting his ballot on account of insufficiency of notice of the time of the election. On the contrary, it is clearly shown that great diligence was exercised in notifying the voters. Printed handbills were distributed urging people to vote at the election on the question of issuing the bonds, and a newspaper published within the district contained notice of the time and place of holding the election in two weekly issues.

The same principle of law governs the next contention made by plaintiffs, which is that the notices, as posted and published, stated that the election would be held "at the schoolhouse in said district", and that such notices were ineffective on account of the fact that there were two schoolhouses in said district and the notices failed to designate at which of said schoolhouses the election would be held. The evidence in the record shows that, in fact, there was a building belonging to said school district which had at one time been used as a schoolhouse by district No. 77, which had, prior to the election, become a part of consolidated school district No. 97, but it had never been used for school purposes since it became the property of defendant school district. It was neither alleged nor proved that any voter was misled or prevented from casting his ballot on account of the alleged insufficiency of the notice in this respect, and we must confess that we do not perceive any merit in this objection.

It is next asserted that nine illegal votes were cast by nine persons who were not qualified voters of the district, and that, since there were 263 votes cast in the election—160 for, and 103 against the issuance of the bonds —with the nine alleged illegal votes eliminated the proposition of issuing the bonds failed to receive the votes of three-fifths of the qualified electors of the district voting at such election, as required by law. It is claimed, in support of this assertion, that the territory in which said voters resided was not a part of consolidated school district No. 97 at the time of the election. Section 1, art. 7, ch. 219, Sess. Laws 1913, provides for the establishment of consolidated school districts, and the proviso to said section is:

"That all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district."

The procedure thus authorized was followed in attaching the territory in which the contested voters resided to the consolidated school district, the order of attachment being made by the county superintendent on May 28, 1919, which was one day before the election. But plaintiffs say that the right of appeal existed for ten days thereafter and that under the authority of Fowler v. Green, 73 Oklahoma, 176 Pac. 222, such order did not become final until the expiration of ten days from the time it was made. The opinion cited relates to an appeal from an order made by a county superintendent attaching territory

from an independent school district, and construes the proviso to section 2, art. 6, ch. 219, Sess. Laws 1913, which reads:

"Provided, that if any party or parties should object to the changing of the school district boundaries, they shall have the right to appeal as provided for appealing from the decision of such county superintendent in changing the boundaries of other school districts."

It is unnecessary for us to pass upon the construction of the case of Fowler v. Green, supra, for that case dealt with a statute not applicable to the case at bar.

In the case of Cleal et al. v. Higginbotham et al., 49 Okla. 362, 153 Pac. 64, relative to the right of appeal in creating a consolidated school district pursuant to section 1, art. 7, ch. 219, Sess. Laws 1913, this court said:

"There is no constitutional provision or legislative enactment which provides for an appeal from the action of the county superintendent of public instruction to the board of county commissioners, or from the board of county commissioners to the district court, for the purpose of ratifying the action of the people themselves and the county superintendent in creating a consolidated school district, pursuant to section 1, art. 7, ch. 219, Sess. Laws of 1913.

"The right of appeal exists only when especially given by constitutional or legislative enactment, and cannot be extended to cases which do not come within the statute."

The identical question before the court in the Creal case was the question of whether there existed the right of appeal from the action of the people themselves and the county superintendent in creating a consolidated school district, but the law, as announced in said decision, is applicable to the instant case, for the reason that the act likewise does not give the right of appeal from the order of the county superintendent attaching a part of an adjacent district to a consolidated school district. We are of the opinion that the order was effective from the date it was made, and that on the date of the election the territory of which the alleged illegal voters were residents was a part of the consolidated school district No. 97.

It is further insisted that, even though the territory was a part of the consolidated school district, the nine contested voters were not legal voters of the district on said date, for the reason that they had not resided "in the election precinct 30 days next preceding the election", as provided by section 1, art. 3, of the Constitution. Section 7, art. 3, ch. 219, Sess. Laws of 1913, provides:

"All persons, including females, residing in the district and possessing the qualifications of electors, as defined by the Constitution and the laws of the state, shall be entitled to vote at any district meeting."

Section 1, art. 3, supra, of the Constitution, provides that:

"The qualified electors of the state shall be male citizens of the United States, male citizens of the state, and male persons of Indian descent native of the United States, who are over the age of 21 years, who have resided in the state one year, in the county six months, and in the election precinct 30 days, next preceding the election at which any such elector offers to vote."

From the evidence in the record it conclusively appears that each of the contested voters had continuously resided in the same place for several years prior to May 29, 1919, the date of the election, and had resided within the election precinct for the time required by law. Counsel for plaintiffs seem to confuse the school district boundaries with the election precinct boundaries in considering the qualifications of these electors.

Another proposition urged is that there was no law authorizing an election for the purpose of determining the will of the voters on the question of issuing the bonds for the purpose of erecting a schoolhouse in the consolidated school district. Section 7835, Rev. Laws 1910, authorizes the holding of elections for the purpose of voting bonds for purchasing sites and erecting school buildings, but counsel for plaintiffs insist that chapter 219, Sess. Laws 1913, operated to repeal section 7835, Rev. Laws 1910, and since said chapter 219 does not contain any specific provision for purchasing or erecting schoolhouses in consolidated school districts, none exists. Chapter 219, Sess. Laws 1913, does not specifically repeal section 7835, Rev. Laws 1910, and inasmuch as the school laws of 1913 do not cover all the school questions contained in the Revised Laws of 1910, we cannot say that said section 7835, Rev. Laws 1910, was repealed by implication. State ex rel. Oklahoma City v. Superior Court of Oklahoma County, 40 Okla. 120, 136 Pac. 424. To so hold would mean that there was no way of acquiring or erecting school buildings in consolidated districts. This is clearly against the obvious intention of the Legislature.

The remaining assignments of error are premised on the proposition that the nine persons residing in the territory attached by order of the county superintendent to the consolidated school district were disqualified voters, and since we have taken a contrary

view, we need not further consider these assignments.

Finding no error in the record, the judgment of the trial court is affirmed.

HARRISON, KANE, PITCHFORD, JOHNSON, McNEILL, and RAMSEY, JJ., concur.