**RATLIFF et al. v. STATE ex rel. WOODS.**

No. 11254—Opinion Filed Aug. 10, 1920.

Rehearing Denied Sept. 7, 1920.

(Syllabus by the Court.)

1. **Schools and School Districts—Validity of Election to Consolidate Districts—Quo Warranto—Defense.**

In a quo warranto proceeding on behalf of the state of Oklahoma, against the officers of a consolidated school district to declare the organization of a school district illegal and void, where it was stipulated that the county superintendent failed to mail notice to the women voters of the district, and the defendants offered to prove that all of the women voters in said district had actual notice and knowledge of the election and participated therein, and the court sustained an objection to said evidence, such action of the court held error; that said evidence was a complete defense.

2. **Same—Sufficiency of Notice of Election—Burden of Proof.**

Where a special election is assailed on the ground of lack of compliance with all of the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account.

3. **Same—School for White Children—Right of Negroes to Vote.**

In an election for consolidating certain school districts into a consolidated district, to be used for the benefit of the white children, the negro voters were not qualified electors to participate in said election by reason of section 7899, Rev. Laws 1910.

Error from District Court, McClain County; F. B. Swank, Judge.

Quo warranto by the state on the relation of W. H. Woods, county attorney of McClain county, against J. A. Ratliff and others, officers of Consolidated School District of Cole, to declare the organization of said district illegal. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Shartel, Dudley & Shartel, for plaintiffs in error.

McMillan & Gresham and Williams & Luttrell, for defendant in error.

McNEILL, J. This was a proceeding in the nature of a quo warranto, brought by the state of Oklahoma ex rel. W. H. Woods, county attorney of McClain county, against J. A. Ratliff, O. A. Madden, and W. A. Harding to declare the organization of consolidated school district of Cole null and void. The petition alleged the organization of the district was illegal for several reasons. The material allegations are contained in paragraph 10 of the petition, which alleged that certain citizens of Ross district No. 6, which is embraced in the consolidated district, did not receive any notice of the election, and that none of the women received any notice, and that none of the negro citizens living in Ross district received any notice. To this petition the defendants filed an answer which was a general denial and pleaded the fact that the district had been legally organized and they were the duly elected officers of said consolidated school district.

Upon the trial of the case to the court certain facts were stipulated.

First. It was stipulated that there was no newspaper published within said district.

Second. It was agreed that the notices required to be posted in each district were posted as required by law.

Third. It was agreed that notice was mailed by the county superintendent of the special election to the list of voters as shown by the certified list of taxpayers furnished by the clerk of the several school districts involved, and also as shown by the school census for each district, and where the school census duplicated the list of taxpayers the superintendent of schools only sent notice to one of them. It was further agreed that in using the census card and list of taxpayers no notice was sent to the wife of any voter except where it appeared that her name was on the certified list as a taxpayer or on the census enumeration, and that no notice was mailed to any negro voter in any of the several districts.

After these facts were agreed upon, the plaintiff moved for judgment on the pleadings and the stipulated facts, and the defendants then made the following offer:

"In connection with this agreement which we made in order to expedite matters, the defendants will offer proof before the case is closed that the women—all the women participated in this election and voted and had knowledge of the election."

And further offered to prove as follows:

"We now offer to show that the women voters of the district who did not receive notice by mail each voted and participated in the election, and that the larger majority of them voted favorably to the consolidation of the districts, and that is true as to each of the four districts, and that the vote in the general election stood 117 for the consolidation and 43 against. We also offer the vote from district 46 and from districts 43, 27, and 28, showing the names of the women that voted in this election and participated in it."

The court stated as follows:

"I hold that the election could not be made valid. It don't make any difference what happened after they failed to give this notice. I would just as soon state that in there as not."

The court refused to hear or consider any evidence except the stipulation and held that the failure of the county superintendent to mail written notice to all the voters in the different districts was jurisdictional, and when it was admitted that no notice was mailed to the women except those whose names appeared as taxpayers and on the census enumeration, that proceedings were void, although all of them might have voted. With the record disclosing the above facts the court rendered judgment for the plaintiff and against the defendants and held the organization of said consolidated school district illegal. From said judgment, the defendants below have appealed.

The question presented, as stated by defendants in their brief, is as follows:

"The statute as to notice is directory and not mandatory, and a substantial compliance therewith renders the election valid, in the absence of a showing that a sufficient number of voters were not notified of the election and did not actually participate therein to have changed the result."

The law applicable to the holding of a special election for the purpose of consolidating school districts is regulated by chapter 186, Sess. Laws 1919, which provides that the following notice shall be given:

"Notices of said special meeting shall be posted in at least five public places in each of the districts or parts of districts, proposed to be consolidated, at least 10 days prior to date of said meeting, and also by publication, for at least two consecutive weeks in a weekly newspaper, if same be published in the school district, and in addition thereto. notices of said special meeting shall be mailed by such county superintendent to each voter residing in the districts proposed to be consolidated."

It is admitted that the notices to be posted as provided by statute were posted. The defendants offered to prove that all the persons in the district had actual notice of the elec-

tion, and irrespective of the fact that the county superintendent had not mailed notice to the women, all the voters in the district, including the women who did not receive notice from the county superintendent, participated in the election. This court in a long line of cases has held that the notice in special elections is directory, and not mandatory, and that a substantial compliance renders the election valid, and in the absence of allegations and proof that a sufficient number of voters were not notified of the election and did not actually participate therein to have changed the result, the election will not be held void. The rule was first announced in the case of Town of Grove v. Haskell, 24 Okla. 707, 104 Pac. 56, stated as follows:

"The vital and essential question in such cases is, Did the want of notice or knowledge result in depriving a sufficient number of electors of the opportunity to exercise their franchise as to change the result of the election? If not, then the will of the electors, as expressed, should be sustained."

The fourth paragraph of the syllabus is as follows:

"Elections are the ultimate expression of sovereign will. When fairly expressed—that is, free from taint of fraud or charge of improper conduct—it becomes the duty of courts to sustain them, where it can be done by a liberal construction of the laws relating thereto, rather than defeat them by requiring a rigid conformity to technical statutory directions, which do not affect the substantial rights of the electors. All reasonable presumptions as to their regularity will be indulged, and the penalty of disfranchisement will not be visited upon a qualified voter where he is not at fault, except in response to a plain mandatory requirement of the statute."

In the case of McCarty v. Cain, 27 Okla. 82, 110 Pac. 653, this court stated as follows:

"Where a special election is assailed on the ground of lack of compliance with all of statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account."

In the case of Hughes v. City of Sapulpa, 75 Okla. 149, 182 Pac. 511, Mr. Justice Kane, referring to the case of Grove v. Haskell, stated as follows:

"Elections are not held in order to give opportunities to post notices and to conform to other technical details and requirements of law, but notices and other legal requirements are provided in order that elections may be lawfully and fairly held, and that people entitled to participate therein may have notice thereof. The end to be accomplished in every case, not the means, is the chief purpose of the law."

Following this rule, it was incumbent upon the petitioner to prove not only that the county superintendent had failed to notify the women, but that the women did not have actual notice, and did not participate in the election, and there were sufficient voters who did not participate in the election to change the result of said election. When the plaintiffs in error offered to prove that the women did have actual notice, and that they participated in the election, they were offering to prove a complete defense to the allegations of the petition, and when the court refused to permit said evidence the court committed error.

The defendant in error, however, contended that under the pleadings the evidence was incompetent, as the defendants failed to plead a waiver of notice. We think this contention cannot be sustained. Not only were the facts offered to be proved by the plaintiffs in error material and a complete defense, but they were facts that were necessary to be proved by the petitioner. It was necessary for the petitioner to prove not only that the county superintendent did not mail the notice to all the voters, but that the voters did not have actual notice, and did not participate in the election by reason thereof, and there were a sufficient number who did not receive notice and failed to vote by reason thereof to have changed the result of the election.

It was next contended that the election was illegal for the reason that no notice was mailed to the negro voters; but in this we think there was no merit. Section 7890, Rev. Laws 1910, provides:

"* * * One race shall not participate in any election pertaining to the schools of the other race."

This being a school election which pertained simply to the schools of the white race, the negro race were not interested therein, nor were they qualified voters, or entitled to notice.

For the reasons stated, the judgment of the district court is reversed and remanded, with instructions to grant the plaintiffs in error a new trial and take such other proceedings as are not inconsistent with the views herein expressed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, and JOHNSON, JJ., concur.