**STATE ex rel. FREELING, Atty. Gen., v. SULLIVAN et al.**

No. 11329—Opinion Filed Dec. 28, 1920.

(Syllabus by the Court.)

**1. Schools and School Districts—Consolidation of Districts—Duties of County Superintendent.**

Chapter 219, Session Laws 1913, as amended by chapter 258, Session Laws 1917, authorizes a county superintendent of public instruction, when petitioned by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district, to call a meeting of the voters for the purpose of voting on the proposition of uniting for the purpose of establishing a consolidated school district, to be held at some convenient point to be named by such superintendent, and provides that notice of such meeting shall be given by posting five written or printed notices in each of the districts proposed to be consolidated, ten days prior to such meeting, and if a daily or weekly newspaper be published in the district, such notice shall be published in the former for ten days, and the latter for at least two consecutive weeks, and in addition thereto notices of said meeting shall be mailed by such county superintendent to each voter residing in the districts proposed to be consolidated.

**2. Same—Meeting of Voters—Petition.**

Under the legislative provisions, supra, a second meeting of the voters of any two or more adjacent school districts, or parts of districts or territory, may be called for the purpose of voting on the proposition of uniting, for the purpose of establishing a consolidated school, said call to be made by the county superintendent of public instruction upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district, without new petitions, when the first meeting ordered was invalid for the reason that one of the three petitions did not contain, when first presented, the signatures of one-half of the legal voters in said district.

**3. Appeal and Error—Case-Made—"Settlement."**

The term "settle" or "settling" a case-made, under the statute, means adjusting the differences; and when a case-made is defective by reason of containing matter which did not transpire, or matter which is incor-

rectly stated, it becomes the duty of the court or judge to correct same by elimination or correction to make it conform to the truth.

**4. Elections—Validity—Notice.**

Where a special election is assailed on the ground of lack of compliance with all the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election, and failed to participate therein by reason thereof, the same will not be held void on this account.

**5. Schools and School Districts—Consolidation of Districts—Validity.**

Record examined, and held, that the judgment of the trial court is supported by the evidence and the same is affirmed.

Error from District Court, Greer County; Arthur G. Sutton, Assigned Judge.

Quo warranto by the State, on the relation of S. P. Freeling, Attorney General, against J. H. Sullivan and others. Judgment for defendants, and plaintiff brings error. Affirmed.

S. P. Freeling, Atty. Gen., for plaintiff in error.

S. B. Garrett and W. B. Garrett, special counsel for plaintiff in error.

B. L. Tisinger, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Greer county, Hon. Arthur Sutton, Judge.

This action is a proceeding in the nature of quo warranto commenced in the name of the state of Oklahoma,. on the relation of S. P. Freeling,. Attorney General, against the defendants in error, seeking to invalidate the formation of consolidated school district No. 7 of said county, and the election of the defendants as officers of the consolidated district.

Pursuant to petitions filed with the county superintendent of public instruction by the voters of each of common school districts Nos. 30, 152, and 4, he called a meeting of the voters of these districts, to be held on May 17, 1919, at a point named in the notices calling the meeting, for the purpose of determining whether or not the consolidated school district should be formed from the territory embraced in the said three districts. At this same meeting the defendants were elected as the board of the consolidated district. Return of the meeting and the election was made to the county superintendent, and on the evening of the same date the election was held he issued an order declaring common school districts Nos. 30, 152, and 4 disorganized and dissolved, and consolidated school district No. 7 created and formed, to be composed of all the territory previously embraced in said common school districts.

The cause was tried to the court, and at the conclusion of the evidence the court rendered judgment in favor of the defendants, and that the plaintiff take nothing. In due time this proceeding in error was regularly commenced to reverse the judgment of the trial court.

The plaintiff assigns 11 specifications of error, and in its brief first discusses assignments 2 and 3 together, which are: "Error of the court in refusing to make and file separate findings of fact and conclusions of law; error of the court in permitting the amendment to the case-made so as to show that defendants requested findings of fact and conclusions of law, and withdrew such request, instead of showing that the plaintiff made such request." It will not be necessary to notice these assignments further than to say that the certificate of the trial judge discloses that pursuant to notice of March 22, 1920, the trial judge, on hearing had, permitted the case-made to be amended in the respect mentioned in the foregoing assignments of error, and signed and settled the same as amended, as provided by chapter 60, art. 25, Rev. Laws 1910. This provision of the statutes was construed by this court in the case of State ex rel. Wigal et al. v. Wilson, 43 Okla. 112, 141 Pac. 426, wherein it was said:

"The term 'settle' or 'settling' a case-made, under the statute, means adjusting the differences; and when a case-made is defective by reason of containing matter which did not transpire, or matter which is incorrectly stated, it becomes the duty of the court or judge to correct the same by elimination or correction to make it conform to the truth; or, if the same does not include matter material to the issue, it should be amended by including such omitted matter."

This settlement of the case-made by the trial judge made it conformable to the truth. It was a judicial, and not a ministerial act. 4 C. J. sec. 2006.

The 4th, 5th, and 6th specifications of error go to the question of notice of the time and place of holding the election for the creation of consolidated school district No. 7, and will be considered together; it being the contention of counsel that such notice was not given as required by law, in that five copies of the notice were not posted in each of the three common school districts for two weeks prior to the time of holding the election.

Chapter 258, Session Laws 1917, reads in part as follows:

"Section 1. That section 1, article 7, chapter 219 of the Session Laws of 1913, be and

·the same is hereby amended to read as follows: 'Section 1. A meeting of the voters of any two or more adjacent school districts, or parts of districts or territory, may be called for the purpose of voting on the proposition of uniting with the other adjacent districts, for the purpose of establishing a consolidated school, said call to be made by the county superintendent of public instruction, upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district. The meeting shall be held at some convenient point to be named by such superintendent. Notices of said special meeting shall be posted in at least five public places in each of the districts, or parts of districts, proposed to be consolidated, and also by publication, for at least two consecutive weeks in a weekly paper, if same be published in the school district, and in addition thereto, notices of said special meeting shall be mailed by such county superintendent to each voter residing in the districts proposed to be consolidated. The meeting shall have authority to elect a chairman and secretary. If a majority of the votes cast at said special meeting shall be in favor of such consolidation, they shall then proceed to elect a director, clerk and member of such consolidated district, and the clerk of said special meeting shall thereupon make a written report of such action to the county superintendent of public instruction of the county in which the said districts are located."

The plaintiff does not contend in its brief that one-half of the legal voters residing in each of the districts proposed to be included in the consolidated district sought to be created in this case. did not sign the petitions. Neither is there any claim made by the plaintiff in its brief that the special meeting and election were invalid because notice of same was not published in a weekly paper. Neither is it contended by plaintiff that notice of the special meeting was not mailed by the county superintendent to each voter residing in the districts proposed to be consolidated, as required by the act. This act is amendatory of section 1, art. 7, ch. 219, of the Session Laws of 1913, this chapter being a codification of the general school law of the state, and the act amended reads the same as above, the amendment relating to another part of the section.

The only contention made by plaintiff in the brief with respect to noncompliance on the part of the county superintendent with the requirements of the act referred to is that notices of the special meeting of the voters of the three districts proposed to be consolidated, called by the superintendent for May 17, 1919, were not posted in each district for at least two weeks before the special meeting was to be held. The record shows that the five notices were posted in district

No. 30, the largest and most thickly inhabited of the three districts, on the night of May 3, 1919, by Mr. Sullivan, one of the petitioners for the consolidated district and one of the defendants in this case. So far as district No. 30 is concerned, the five notices were posted the full two weeks.

"In computing the length of time during which notice of a meeting of a school district was given, the same rule will be applied as in the case of service of process—either the day on which the notice was posted, or the day on which the meeting was held, will be counted. Mason v. Brookfield School District, No. 14, 20 Vt. 487.

Neither the original nor the amendatory act requires the posting of notices for two weeks before the meeting is held, but they only require publication in a weekly newspaper, if one be published in the school district, for at least "two consecutive weeks," before such meeting. The punctuation of the sentence and the use of the words "for at least two consecutive weeks in a weekly newspaper" would indicate that the notices required to be posted are not by this act required to be posted for at least two weeks before the special meeting; for, if they are required to be posted for "two consecutive weeks," it would mean that they should be posted for each week of the two weeks immediately preceding the special meeting. The word "consecutive" is defined: "uninterrupted in course of succession; succeeding one another in a regular order; successive; unbroken." Century Dictionary; Words and Phrases; Corpus Juris, vol. 12, page 512.

Section 8, art. 7, ch. 219, Session Laws 1913, page 537, a part of the codified school law of the state, provides:

"In· all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

Section 28, art. 5, of said chapter. page 517, provides:

"Any regular or special meeting of the voters of any school district in the state of Oklahoma shall be called in the following manner. Notice shall be given by posting five written or printed notices in the district ten days prior to such meeting, or by publication in the newspaper, if a newspaper is published in said district, in at least ten issues of a daily newspaper, if a daily paper is published in said district, and if no daily paper is published in said district, notice shall be given by publication in at least two issues of a weekly newspaper if published in said district; such publication shall not be less than ten days prior to said election."

This section of the Session Laws of 1913 was in no way amended or affected by chap-

ter 258, Session Laws 1917, and said chapter did not purport to amend any portion of chapter 219 of Session Laws of 1913, except section 1, art. 7, thereof. So section 28, supra, remained the same as originally enacted, and it seems clear to us that the five written or printed notices of any regular or special meeting of the voters-of any school district are only required to be posted in the district ten days prior to said meeting, so it therefore follows that the contention of counsel, that the notice of the meetings in the districts in the instant case were not posted as required by law, is not well taken. Moreover, the plaintiff's petition contained no averment, and there was no evidence showing, that the voters of the respective districts did not have actual notice of the election and thereby failed to participate therein because the notices were not posted for the full period of two weeks. This court has frequently held that in the absence of such an averment, a special election of this character will not be held void. In McCarty v. Cain, 27 Okla. 82, 110 Pac. 653, the court said:

"Where a special election is assailed on the ground of a lack of compliance with all the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account." Town of Grove v. Haskell, Governor, 24 Okla. 707, 104 Pac. 56; City of Ardmore et al. v. State ex rel. Best, 24 Okla. 862, 104 Pac. 913; North v. McMahan, 26 Okla. 502, 110 Pac. 1115; Haskell, Governor, v. Reigel, 26 Okla. 87, 108 Pac. 367; Lowe et al. v. Consolidated School District No. 97, Blaine County, et al., 79 Okla. 115, 191 Pac. 737; Ratliff et al. v. State ex rel. Woods, County Attorney, 79 Okla. 152, 191 Pac. 1038.

The 7th specification of error is that the court erred in not holding that the petitions from districts Nos. 4 and 152 were functus officio, and erred in holding that the same were valid and legal petitions. The record discloses that petitions from the three school districts were presented to the county superintendent on or about the 21st day of April, 1919, and in compliance therewith he called a special meeting of the voters of the districts to be held on or about May 3, 1919. Notices to that effect were posted in the three districts. The county superintendent afterwards ascertained that the petition from school district No. 30 was probably insufficient in that it did not contain the names of 50 per cent. of the qualified voters of the district, and the notices calling the special meeting for May 3rd were directed to be torn down and the call was revoked. The two petitions from districts Nos. 4 and 152 remained on file in his office, and another petition from district No. 30 was presented to him which contained the required number of signatures, and the special meeting was then called on the three petitions.

No special meeting or election was held under the petition as at first presented to the superintendent. He issued a call for one, but the call was revoked because one of the petitions from one of the districts did not contain the requisite number of names. The other petitions were not withdrawn by the petitioners, but remained in his possession and, with the petition presented to him on May 3rd, form the basis of the authority for calling the special meeting for May 17th. The petitions were effective until they were acted on and the requirements of the statute complied with. No final action was had on them until the special meeting and the election were held. This we think is true, for the reason that under the provisions of the statute, supra, authorizing proceedings for the creating of a consolidated school district from territory or parts thereof embraced in common school districts, a meeting for that purpose may be had upon petition signed by one-half of the legal voters residing in the district or the territory proposed to be included in the consolidated district, and when such petitions are presented to the county superintendent the provisions of the statute are that the superintendent may call a meeting at some convenient point, to be named by him. The statute does not require that such meeting shall be held instanter, forthwith, or within any specified time.

The record discloses, as before stated, that when the three petitions were presented to the county superintendent, two of them were signed by 50 per cent. of the voters in each of the respective districts, while there was some doubt in the mind of said superintendent that one of the petitions contained such per cent. of the voters in that district. Hence the superintendent directed that such petition be amended by obtaining the names of additional voters, and when the same was returned so amended, the joint meeting for the voters of all the districts was called and notice thereof given by posting notices in two districts for 14 days and in the other one for 12 days.

This, we think, fully met the requirements of the law so far as the requisites of the respective petitions were concerned, and affords no reason for holding the election based upon such petitions void. So the contention of counsel that in these circumstances the petitions from districts 4 and 152 became functus officio, cannot be sustained.

These petitions were effective for all the purposes contemplated by the statute until some valid, legal action on them. Until then, they had not fulfilled their function, discharged their office, or accomplished the purpose for which they were presented. Fisher et al. v. Davis, State Auditor (Kan.) 158 Pac. 1110.

The trial court rendered judgment, denying the plaintiff's relief prayed for, that a writ of quo warranto be denied and that consolidated district school No. 7 in Greer county be declared valid.

From an examination of the record, we find that the judgment of the trial court is sustained by the evidence, and the same is therefore affirmed.

RAINEY, C. J., and HARRISON, KANE, McNEILL, HIGGINS, and COLLIER, JJ., concur; PITCHFORD and BAILEY, JJ., not participating.