## SMITH et al. v. STATE ex rel. BARRY, Co. Atty.

No. 11711—Opinion Filed Nov. 22, 1921.

Rehearing Denied Jan. 24, 1922.

(Syllabus.)

1. **Schools and School Districts—Validity of Special Election—Statutory Notice.**

Where a special election is assailed on the ground of lack of compliance with all the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election, and failed to participate therein by reason thereof, the same will not be held void on this account.

2. **Quo Warranto—Right to Remedy—Legality of Consolidation of School Districts.**

Article 7, ch. 219, Session Laws 1913, authorizes the county superintendent to call a meeting of the voters of two or more adjacent districts to determine whether such districts shall consolidate, when petitioned by one-half of the legal voters residing in each district. Held, the filing of petitions signed by the number of qualified persons as prescribed by statute is a condition precedent to the calling of the meeting. Held, further, after the sufficiency of the petition has been determined by the county superintendent and the call issued for such meeting, and a majority of those present vote in favor of consolidation and the consolidated district is organized, in all other respects according to law, in the absence of frauds, the question of whether the petitions were signed by the proper number of qualified persons cannot be inquired into in quo warranto proceeding.

3. **Schools and School Districts — Consolidation of Districts—Appeal—Statute.**

Section 8, art. 7, ch. 219, Session Laws 1913, and section 7781, Rev. Laws 1910, authorize an appeal from the action of the county superintendent in calling an election for a consolidation of certain districts, and provide for an appeal from the order of the county superintendent organizing said district.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action in nature of quo warranto by the State, on the relation of J. W. Barry, County Attorney, against Otis H. Smith and others to test the legality of organization of Con-

solidated School District No. 1, Woods County. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

A. J. Stevens and H. A. Noah, for plaintiffs in error.

E. W. Snoddy and J. P. Grove, for defendant in error.

JOHNSON, J. This is an action in the nature of quo warranto brought in the name of J. W. Barry, county attorney of Woods county, against Otis H. Smith, Hugh Weir, and Otis Smith, pretended clerk, Hugh Weir, pretended member, and Guy Jefferies, pretended director, of consolidated school district No. 1, and against said consolidated district, praying dissolution of such consolidated school district, and that said officers be enjoined and restrained from acting as such officers.

The allegations of the plaintiff's petition, in so far as the same are material, were as follows:

"Plaintiff alleges that said consolidated school district was never legally organized, and that school districts numbers seventeen, sixty-one, sixty-two, and eighty-seven were never legally disorganized, and that said last-named school districts still exist because of the fact that there never was any legal election had or called, or any special meeting of the voters of the said last-named school districts for the purpose of consolidating said districts, because petitions for said special election, or meeting, to vote upon said consolidation were not signed by the legal voters of the said school districts sought to be consolidated, according to law, by one-half of the legal voters residing in each of the school districts of the territory proposed to be included in the said consolidated school district, and—

"Because notices of said special meeting or election were not posted in five public places in each of the said school districts proposed to be consolidated for two consecutive weeks prior to the said special meeting or election, and—

"Because notices of said special meeting or election were not mailed by the county superintendent of Woods county, Oklahoma, to each voter residing in the said school districts proposed to be consolidated."

The defendants answered, in which answer they admitted the holding of the election and that they were elected officers of said district; but specifically denied that such proceedings were illegal, irregular, or void, but alleged the same were held according to law; and further alleged, in substance, that they were acting as officers of said consolidated district.

The cause was tried to the court, and at the conclusion of the trial the findings of the court that are material were as follows:

"That notices were not mailed to all of the resident voters of the district * * * and that if notices had been mailed to them and they had attended the meeting, it would have been likely to have changed the result of that election. And to my mind that is fatally defective, and there is another objection to the manner in which these notices were mailed, to my mind. Notices to husband and wife were contained in one envelope and mailed to the husband. * * * So, for both of these reasons, I think the notice was fatally defective and the meeting was illegal, and the finding will be generally in favor of the plaintiff, and judgment for the plaintiff."

The plaintiffs in error's assignments of error are as follows:

"First. In overruling the motion of the plaintiffs in error for a new trial and re-examination of the issues in said action.

"Second. Because the decision, finding, and judgment of the court herein are not sustained by sufficient evidence.

"Third. Because the rulings, finding, decision and judgment of the court herein are contrary to law.

"Fourth. Because the petition herein failed to state a cause of action in favor of the plaintiff (defendant in error) and against the defendants (plaintiffs in error) or either of them.

"Fifth. Because the said action is not brought against the real party in interest as defendant.

"Sixth. Because of errors of law occurring at the trial and duly at the time excepted to by plaintiffs in error."

These assignments of error will be considered together.

The plaintiff's petition alleged that the consolidated district was never legally organized because petitions for said special election or meeting to vote upon said consolidation were never signed by the legal voters of the said districts sought to be consolidated, according to law, by one-half of the legal voters residing in each school district in the territory proposed to be included in said consolidated district. The trial court made no findings of fact upon that proposition.

The record discloses, from the petition presented to the county superintendent from district No. 17 and the exhibits attached thereto, that there were 40 legal voters in said district, and that the petition for the election for consolidation contained the names of 34 of such voters; for district No.

the petition and exhibits disclosed that there were 45 voters residing in said district and 24 signed the petition; in district No. 62 there were 45 voters and 34 signed the petition; in district No. 87 there were 43 voters and 29 signed the petition. These petitions were presented to the county superintendent beginning on June 19, 1919, and were all before her and filed at the time she made the order for the election on June 21st thereafter, to be held at the schoolhouse in district No. 87 on Monday, the 7th day of July, 1919; the notices to be posted in the districts were mailed out on June 21st and 22nd, 1919, and thereafter posted in their respective districts. The record discloses that the election for consolidation was held on July 7, 1919, and that 37 votes were cast for the consolidation and 25 against it, and that on the 8th day of July, 1919, the county superintendent made the following order:

"Now, on this 8th day of July, 1919, upon receipt of the report of the clerk of the special meeting held in district 87, on the 7th day of July, 1919, under provisions of article VII, chapter 150, of the Session Laws of 1917, which report of said clerk of said special meeting was filed in my office on July 8th, 1919, on page 121 of the county superintendent's record.

"I do hereby declare said districts named in the petition and upon which a vote was had, and as follows: Districts Nos. 17, 61, 62, and 87, twps. 24 and 25, range 13, Woods county, Oklahoma, disorganized and do hereby declare said districts a consolidated district composed of the several districts above described voting to unite; and I do hereby declare said districts a consolidated district consisting of the above-described districts and territory so voting to unite and so consolidated, shall be known as consolidated district No. 1, county of Woods, state of Okla.

"July 8, 1919.

"Amanda E. McDaniel,
"County Superintendent.

"Notices mailed June 21st, 1919, to Clerks of Dists., and individual members."

The other allegations in the plaintiff's petition were that the district was not legally established (a) because notices of said special meeting or election were not posted in five public places in each of said school districts proposed to be consolidated, for two consecutive weeks prior to the said special meeting or election, and (b) because notices of said special meeting or election were not mailed by the county superintendent to each voter residing in said school districts proposed to be consolidated.

The petition contained no allegation that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof.

This court recently held in the case of State ex rel. Freeling, Attorney General, v. Sullivan et al., 80 Okla. 81, 194 Pac. 446, in the 4th paragraph of the syllabus, as follows:

"Where a special election is assailed on the ground of lack of compliance with all the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account"

—citing, in support thereof, the decisions of this court in the following cases: Town of Grove v. Haskell, Governor, 24 Okla. 717, 104 Pac. 56; City of Ardmore et al. v. State ex rel. Best, 24 Okla. 862, 104 Pac. 913; North v. McMahan, 26 Okla. 502, 110 Pac. 1115; Haskell, Governor, v. Reigel, 26 Okla. 87, 108 Pac. 367; Lowe et al. v. Consolidated School District No. 97, Blaine County, et al., 79 Okla. 115, 191 Pac. 737; Ratliff et al. v. State ex rel. Woods, County Attorney, 79 Okla. 152, 191 Pac. 1038.

It was also held by this court in the case of McCarty et al. v. Cain et al., 27 Okla. 82, 110 Pac. 653, in syllabus 2, as follows:

"Where a special election is assailed on the ground of lack of compliance with all of the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account."

As we have heretofore observed, this action is a suit in the nature of quo warranto to test the validity of the organization of said consolidated district.

In the case of King et al. v. State ex rel. O'Reilly, County Attorney, 83 Okla. 297, 201 Pac. 641, this court held in syllabus, parags. 1 and 2 as follows:

"Article 7, ch. 219, Session Laws 1913, authorizes the county superintendent to call a meeting of the voters of two or more adjacent districts to determine whether such districts shall consolidate, when petitioned by one-half of the legal voters residing in each district. Held, the filing of petitions signed by the number of qualified persons as prescribed by statute, is a condition precedent to the calling of the meeting. Held, further, after the sufficiency of the petition has been determined by the county superintendent and the call issued for such meeting, and a majority of those present vote in favor of consolidation and the consolidated district is organized in all other respects ac-

cording to law, in the absence of .frauds, the question of whether the petitions were signed by the proper number of qualified persons cannot be inquired into in a quo warranto proceeding.

"2. Section 8, art. 7, ch. 219, Session Laws 1913, and section 7781, Rev. Laws 1910, authorize an appeal from the action of the county superintendent in calling an election for a consolidation of certain districts, and provide for an appeal from the order of the county superintendent organizing said district."

The latter case has since been approved by this court in the case of Davis, County Supt., v. Whitehead, 86 Okla. —, 208 Pac. 217.

We think it is clear from the record that the trial court's findings and conclusion that the election in the instant case was illegal and void are erroneous.

The judgment of the trial court is therefore reversed, and the cause remanded, with directions to set aside the judgment and take such other and further proceedings as are not inconsistent with the views herein expressed.

HARRISON, C. J., and McNEILL, ELTING, and KENNAMER, JJ., concur.