**STATE ex rel. DAVIS v. HUGGINS.**

No. 15867—Opinion Filed Oct. 27. 1924.

(Syllabus.)

1. **Elections—Qualifications of Voters—Six Months' Residence in County.**

Under and by virtue of section 1, art. 3, of the Constitution. a qualified elector must reside in the county six months next preceding the election in which said party offers to vote.

2. **Same—Effect of Annexing New Territory to County.**

Where electors otherwise qualified reside in a county, and such electors at an election for that purpose vote to detach said territory from the county of which they form a part, and to be annexed to another county, and the county to which they seek to be annexed votes in favor of annexation of said territory to their county, and the Governor issues a proclamation detaching the territory from the old county and annexing same to the new county, held, said electors are not qualified to vote in the primary or general election in the county to which they are annexed, until they have resided therein for a period of six months.

Error from District Court, Tillman County; O. L. Price. Assigned Judge.

Action by the State on the relation of Herman S. Davis against J. R. Huggins. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Stevens & Cline, for plaintiff in error.

Snyder, Owen & Lybrand, Wilson & Roe, and J. R. Huggins, for defendant in error.

McNEILL. J. This action was commenced by Herman S. Davis against J. R. Huggins to contest the nomination of J. R. Huggins for county attorney in Tillman county. The case presents two questions. only one of which is necessary to consider; the right of residents of a certain strip of land to participate in the primary election held on August 4, 1924. The facts regarding the qualifications of these electors were conceded to be as follows:

That said electors resided on a strip of land which had for many years been a part of Kiowa county. On the 4th day of June, 1924, an election was held in said territory wherein over 60 per cent. of the people voted to detach said territory from Kiowa county and annex the same to Tillman county. On July, 19. 1924, an election was held in Tillman county for the purpose of submitting the question whether the territory should be annexed to Tillman county. The election carried in favor of annexation. The result of the election was certified to the State Election Board on the 22nd day of July, 1924, and on said date the Governor issued his proclamation detaching said territory from Kiowa county and annexing the same to Tillman county.

This territory was organized in a separate election precinct known as Hunter pre-

cinct No. 4. It is contended the voters in said precinct were not qualified voters. for the reason they had not been residents of Tillman county for six months prior to the date of the election as required by the Constitution of the state of Oklahoma.

According to the allegations of the petition. if the parties in Hunter precinct No. 4, were entitled to vote in the election Huggins was nominated; if they were disqualified, by reason of not being residents of the county for six months, and the ballots in that precinct are eliminated, Davis was nominated. The trial court sustained a demurrer to the petition.

Section 1, article 3 of the Constitution provides:

"The qualified electors of the state shall be male citizens of the United States, male citizens of the state. and male persons of Indian descent native of the United States. who are over the age of 21 years. who have resided in the state one year in the county six months. and in the election precinct 30 days. next preceding the election at which any such elector offers to vote * * *"

The parties concede they have been unable to find any case in this or any other state where this exact question has been decided. The constitutional provision appears to be plain and unambiguous, and contains no exception, and provides that qualified electors must reside in the state one year. in the county six months, and in the election precinct 30 days next preceding said election at which any such elector offers to vote.

There are two ways in which a person may change his residence from one county to another. First, by taking his belongings and moving from one county to the other. Second, by change of boundary lines and the territory in which residents reside being annexed to another county according to law. These are the only ways, it occurs to us. that a person can change his residence from one county to the other. If he changed his residence from one county to the other county by changing the boundary lines of the new county. can it be said that he is a resident of the new county any longer or for any greater period of time than if he had changed his residence by moving from one county to another? He has not been a resident for jury service. nor for any purpose whatever that we can think of, then upon what theory can it be said he is a resident of said county for six months for voting purposes? We are unable to see any difference or distinction.

The case of Reme v. Bennett. 21 Ohio St. 431. is cited to support the contention of defendant in error. We think the case can hardly be considered in point or considered authority upon the question before us. There are many questions involved in that case. In that case the United States Government had purchased some land in the state of Ohio and erected an asylum thereon, and exercised exclusive control or jurisdiction over said tract of land, although the land was within the boundaries of the state. The state had no civil jurisdiction over the residents living in said territory. It was held that these parties were not entitled to vote. Thereafter Congress passed an act restoring to the state, civil jurisdiction over said tract of land and territory, which act of Congress was passed less than one year prior to the time of the election. The question involved was whether the parties were residents of the state of Ohio for one year prior to the election. The court held that the parties having been within the boundaries of the state for more than a year, and the jurisdiction of said territory was only temporarily removed from the state of Ohio to the United States, and the United States having relinquished the jurisdiction, the parties were in reality residents of said state for more than one year. The facts are very different from the facts in the case at bar and we think can have very little aid or assistance in deciding the case at bar.

The case of Lowe v. Consolidated District No. 97, Blaine County. 79 Okla. 115, 191 Pac. 737, is also cited, but it is conceded that this case can have but very little bearing upon the case at bar. We hardly think that the case can be considered as an authority either one way or the other when applied to the facts in this case. The parties frankly admitted to this court that there are no decisions upon this question that aid the court unless they be the ones cited above. We must, therefore, look to the Constitution itself. The language is plain and unambiguous regarding the question of residence in a county for a period of six months prior to the election, and contains no exception. We know of no way to hold that these electors are qualified voters unless it would be by adding to the Constitution an exception which the Constitution does not contain.

For the reasons stated, the judgment of the court is reversed and remanded to take such further proceedings as are not inconsistent with the views herein expressed.

BRANSON. JOHNSON, LYDICK, and GORDON. JJ., concur.