### KENT et al. v. SCHOOL DISTRICT NO. 28, STEPHENS COUNTY, et al.

No. 15691—Opinion Filed Jan. 27, 1925.

**1. Schools and School Districts—Minutes— Recording—Duties of Clerk.**

Under the law it is the duty of the clerk of a school district board to keep and record the minutes of the proceedings of the board, but there is no provision requiring the record to be made up at the meeting at which such proceedings are had, and where they are entered in the minute book subsequently and are shown to be correct, they are admissible in evidence when germane to the issue under investigation.

**2. Same—Notice of Election — Contents — Sufficiency.**

Notices of a school district election posted in the manner and for the time required by law are not illegal nor the election held pursuant thereto void because such notices incorrectly state the qualifications of the voters, in the absence of averment and proof that qualified voters of the district were thereby prevented from participating in such election.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by W. S. Kent and Frank Ritter against School District No. 28 of Stephens County, the members of school board, the county clerk, county treasurer, county attorney, and county superintendent, as defendants, to enjoin the defendants from signing and delivering school district bonds. Decree for defendants denying the injunction, to reverse which this proceeding in error was commenced. Affirmed.

It appears that on June 23, 1924, there was presented to the school district board

of school district No. 28, Stephens county, a petition signed by 67 qualified voters of the district requesting the board to call an election for the purpose of voting upon the question of issuing the bonds of said district in the sum of $9,300 for the purpose of erecting a school building. On said date the board acted upon said petition, and found that it contained the necessary number of qualified electors of the district, and thereupon adopted a resolution calling said election, and posted notices thereof as required by law. The election was held July 5, 1924, and resulted in 41 votes being cast for the issuance of the bonds and 27 votes against the bonds, according to the return made of the election by the officers of the district. Thereafter this action was commenced in the district court of Stephens county to enjoin the officers of the district and county from signing and delivering such bonds as obligations of the district. Upon the issues joined by the petition and answer the case was tried to the court July 28, 1923, resulting in findings and a decree in favor of the defendants and against the plaintiffs denying the injunction. After unsuccessful motion for new trial plaintiffs have brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

S. H. Singleton and Womack, Brown & Cund, for plaintiffs in error.

Sandlin & Winans, for defendants in error.

Opinion by LOGSDON, C. In this case plaintiffs rely on their third, fifth, and eighth assignments of error, all other assignments being waived. These three assignments are:

"Third. That the judgment of the court is not sustained by sufficient evidence, and is contrary to law."

"Fifth. Error of the court in admitting incompetent, irrelevant and immaterial testimony offered by the defendants over the objections of the plaintiffs."

"Eighth. Error of the court in refusing to sustain motion of the plaintiffs for judgment."

Unless either the third or fifth assignment of error can be sustained it is apparent that the eighth assignment is without merit. The third and fifth present the entire record of the trial, and will be considered together. It is contended by plaintiffs that the school board did not call an election as required by Comp. Stat. 1921, sec. 10284. This contention is based upon the fact, shown by the evidence, that the minutes of the board meeting, at which the resolution calling the election was adopted, were not written up in the minute book of the school board until after the election was held. That the meeting was held and the resolution adopted is beyond question. Plaintiffs called T. L. Jackson, clerk of the school board, as their first witness, and on direct examination he testified:

"Q. Were you present, Mr. Jackson, when the school board met and made an order authorizing the call of this election? A. Yes, sir. Q. Have you a record of the minutes of that meeting? A. Yes, sir. * * * Q. I asked you when the school board passed the resolution you have written in this book? A. I think about June 23; I believe that is right. Q. Now, Mr. Jackson, how did you come to write this minute in here after these gentlemen were down there to see you that day? A. I just thought it to be necessary."

B. B. McCann, called as a witness for defendants, testified on direct examination:

"Q. You are a member of the school board? A. Yes, sir. Q. How long have you been a member? A. Well, just before the election; just before we ordered this election. Q. You were a member of the board at the time? A. Yes, sir."

He was not cross-examined as to the calling of the election. R. W. Moody, the other member of the board, testified in the case, but was not questioned by either side in reference to the calling of the election. The minutes of the meeting of June 23, 1924, at which the election was called, were introduced in evidence, and show that it was a special meeting. Comp. Stat. 1921, sec. 10355, defines the duties of the clerk, but nowhere requires that he shall record the minutes of any meeting before the meeting adjourns. It is the general, if not the unvarying, custom in this state for the minutes of deliberative and administrative boards, covering either regular or special meetings, to be recorded and presented for adoption at the next succeeding regular meeting. In the absence of a conflicting statute no reason is apparent why a different rule should control in school board meetings.

It is next contended that there was no statutory notice of the calling of the election as required by law. It is not claimed that notice was not given, but that the notice did not strictly conform to the requirements of the statute in defining the qualifications of the electors entitled to vote at such election. The notice which was posted was introduced in evidence by plaintiffs, and shows it to be the official form furnished for that purpose by the State

Superintendent. No effort was made and no tender of proof was offered to show that any person qualified to vote at the election failed to do so by reason of being misled or misinformed as to his rights to vote by the language of the notice. In McCarty et al. v. Cain et al., 27 Okla. 82, 110 Pac. 653, this court announced the rule that:

"Where a special election is assailed on the ground of lack of compliance with all of the statutory requirements in reference to notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election and failed to participate therein by reason thereof, the same will not be held void on this account."

This rule has been approved and followed in Ratliff et al. v. State ex rel., 79 Okla. 152, 191 Pac. 1038; Lowe v. Consolidated District No. 97, 79 Okla. 115, 191 Pac. 737; State ex rel. v. Sullivan et al., 80 Okla. 81, 194 Pac. 446; Smith et al. v. State ex rel., 84 Okla. 283, 203 Pac. 1046. No distinction in principle exists between the instant case and those above cited. In the instant case the reason for the rule, in view of the objections to the notice, is somewhat strengthened by the legal presumption that all voters know the law, including that fixing the qualifications of voters in school district elections.

There was no conflict in the evidence as to the number of votes cast in the election. The conflict arose over the division of the 68 votes which were cast. The tally sheet and the return of the election officers were received in evidence, both showing 41 votes cast for the bond issue and 27 against. The ballots were excluded as evidence for the reason that they had been subjected to handling, inspection, and counting by unauthorized persons a few days after the election, and one of the 68 ballots, sufficient to change the result, bore intrinsic evidence of having been marked both for and against the bonds. Their exclusion was not error. Newhouse v. Alexander, 27 Okla. 46, 110 Pac. 1121; Whittaker v. State ex rel., 58 Okla. 672, 160 Pac. 890. Parol testimony of the officers who held the election and counted the votes, and of a bystander who watched the count, supported the correctness of the count as reflected by the tally sheet and return, and established without contradiction that at the time of such count there was no mutilated ballot among the 68 counted. Under the circumstances stated this secondary evidence was properly received. Moss v. Hunt, 40 Okla. 20, 135 Pac. 282; Cobb v. Berry, 67 Okla. 29, 168 Pac. 46.

Plaintiffs offered and the court received in evidence ex parte affidavits of 28 voters to show that each of them voted against the bonds. This evidence was improperly received.

This being an injunction proceeding the findings and decree of the trial court must be sustained in this court unless against the clear weight of the evidence. The evidence was conflicting only as to one of the 68 ballots cast in the election. The court saw the witnesses and heard them testify, and upon the crucial point in the case it became a question of the weight and credibility of the testimony. Since the findings and decree of the court are not clearly against the weight of the evidence, and since the credibility of the witnesses was solely for the determination of the trial court, and no error of law prejudicial to the substantial rights of plaintiffs being shown, the decree of the trial court denying injunctive relief should be in all things affirmed.

By the Court: It is so ordered.