**HUGHES et al. v. CITY OF SAPULPA.**

No. 10549—Opinion Filed June 24, 1919.

Rehearing Denied July 15, 1919.

(Syllabus by the Court.)

**1. Appeal and Error—Bond Issue—Election —Regularity—Review.**

In a suit to enjoin the issuance of municipal bonds upon the ground of irregularities occurring in the manner of holding the election authorizing the creation of the debt evidenced by the bonds, it appeared that, although there were no pleadings filed on behalf of the defendant, the court below; without objection, heard the testimony of witnesses, and, after weighing the evidence, found that, while there were many irregularities in the manner of holding the election, they were not sufficiently grave to impeach the integrity of the election. Held, that the contention of the losing party, made for the first time on appeal, that only the facts stated in the petition can be considered in passing upon the regularity of the election, will not be reviewed.

**2. Elections — Validity — Irregularities — Bond Election.**

Irregularities which do not tend to affect results are not to defeat the will of the majority. The will of the majority is to be respected, even when irregularly expressed. Those provisions which affect the time and place of the elections and the legal qualifications of the electors are generally of substance of the election; while those touching the recording and reading of the legal votes received and the mode and manner of conducting the mere details of the election are directory.

**3. Municipal Corporations — Validity of Bond Election—Evidence to Support Findings.**

Record examined, and held, that the findings of the trial court are sufficiently supported by the evidence.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action for injunction by G. C. Hughes and others against the City of Sapulpa. Judgment for defendant, and plaintiffs bring error. Affirmed.

Burke & Swan, for plaintiffs in error.

Leroy J. Burt and John Ellinghausen, for defendant in error.

KANE, J. This was an action commenced by plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, for the purpose of enjoining the issuance of certain municipal bonds. Hereafter, for convenience, the parties will be desig-

nated "plaintiffs" and "defendant" as they appeared in the trial court. Upon trial to the court there was judgment in favor of the defendant, to reverse which this proceeding in error was commenced.

The petition alleges numerous irregularities in the manner of holding the election, authorizing the creation of the debt for which the bonds were to be issued. There was no answer, or other pleadings, filed in the cause, but the court without any objection to the introduction of evidence heard the testimony of several witnesses, and, after weighing the evidence, found that, while the evidence tended to show many irregularities in the manner of holding the election, they were not sufficiently grave to destroy the integrity of the election.

The first contention of counsel for plaintiffs in error is that, inasmuch as there was no answer or other pleading filed on behalf of the defendant, the facts stated in the petition should alone be considered in passing upon the regularity of the election. We are unable to agree with this proposition. The cause was tried below in all respects the same as if an issue of fact had been joined by proper pleadings, and it will be treated in like manner in this court. If counsel wished to present this question for review, he should have objected to the introduction of any evidence on account of the failure of the defendant to file any pleadings. If this had been done, the court probably would have either sustained the objection and entered judgment on the petition, or would have allowed the defendant to plead and then proceeded with the case as we have seen he did. The error complained of not having been presented to the trial court for correction, we will not review it.

The remaining assignments of error merely point out the various irregularities which it is claimed destroy the integrity of the election. Counsel say that, when these irregularities are considered in gross, the election should be set aside upon the principle announced in 15 Cyc. 373, as follows:

"And the whole conduct of election officials may, although actual fraud be not apparent, amount to such gross negligence and such a disregard of their official duties as to render their return unintelligible or unworthy of credence."

We have examined the evidence and are constrained to agree with the trial court that, while the evidence shows many irregularities, it does not appear that there was such neglect of the directory provisions of the election laws, followed by actual fraud of such character, as to throw serious doubt on the result of the election.

Grove v. Haskell, 24 Okla. 707, 104 Pac. 56, states the applicable rule as follows:

"Elections are not held in order to give opportunities to post notices and to conform to other technical details and requirements of law, but notices and other legal requirements are provided in order that elections may be lawfully and fairly held, and that people entitled to participate therein may have notice · thereof. The end to be accomplished in every case, not the means, is the chief purpose of the law."

Other cases in point to the same effect are Russell v. McDowell, 83 Cal. 70, 23 Pac. 183; State ex rel. Edwards v. Millar, 21 Okla. 448, 96 Pac. 747; Marion et al. v. Territory, 1 Okla. 210, 32 Pac. 116. McCrary, in his work on Elections, sec. 127, states the general rule as follows:

"Irregularities which do not tend to affect results are not to defeat the will of the majority. The will of the majority is to be respected, even when irregularly expressed. Those provisions which affect the time and place of the elections and the legal qualifications of the electors are generally of substance of the election; while those touching the recording and reading of the legal votes received and the mode and manner of conducting the mere details of the election are directory."

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., and RAINEY, JOHNSON, and HARRISON, JJ., concur.