14455

BANNISTER v. LOLLIS, MAYOR, *ET AL.*

(190 S. E., 511)

February, 1937.

*Mr. C. B. Earle,* for petitioner,

*Mr. A. H. Dagnall,* for respondent,

March 22, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

W. H. Bannister brought his petition in the original jurisdiction of this Court seeking to enjoin the town council of the town of Honea Path from issuing and selling bonds to raise funds for use in sewage improvements, and the surface treatment of certain streets of the town.

It appears from the petition that the petitions signed by the freeholders of the town asking for the election prayed that it might be submitted to the electors to determine whether the town should issue and sell bonds in the amount of $17,707.00 to raise funds for the cost of an addition to the sewage system of the town, and issue and sell bonds in the amount of $15,097.00 to raise funds for the surface treatment of certain streets of the town.

Each of the petitions asking for such special election contains this statement: "Provided the United States makes a grant of 45 per cent (45%) of the cost thereof."

The election was ordered and held as prayed for, and resulted in favor of the proposition by a vote of 144 in favor thereof and 5 against it. The ballots used in the election contained the provision: "Provided the United States makes a grant of 45 per cent. (45%) thereof."

The petitioner attacks the validity of the bonds on two grounds, as follows:

First. That under the petitions and under the form of ballot used in the election the town council must issue the entire amount of bonds petitioned for and voted on, that is, the sum of $32,804.00; and that the town council has no authority to issue and sell less than the full amount voted for.

Second. That the town council cannot legally issue and sell bonds in any amount until the United States pays in advance 45 per cent. of the project, which will cost about $40,-000.00.

This is a controversy without action and is submitted under Section 668, Volume 1 of the Code of Civil Procedure 1932, on an agreed case and statement of facts.

February 20, 1937, Mr. Justice Bonham issued a rule requiring the respondents to show cause why they should not be enjoined from issuing and selling the proposed bonds, and restraining them from doing so until the determination of the controversy. The matter was heard at the March, 1937, term of this Court.

It appears that, instead of issuing bonds in the sum of $32,804.00, which is the total amount of the projects voted upon, they have determined to issue bonds in the total amount of $22,000.00 for both projects.

We dare say that never before have taxpayers and freeholders complained and sought to enjoin the issuance of bonds in an amount less than that for which they voted.

It is stated in argument, and not denied, that this change for the greater to the lesser amount is due to the fact that the election was ordered upon the greater amount upon the preliminary survey of the engineers, that after the election a more thorough survey and estimate revealed that the greater amount voted for was not needed.

Thereupon the town council prepared to issue and sell bonds for $22,000.00 instead of $32,804.00 as voted for.

If any change was contemplated by the town council in the addition to the sewage plant of the town, or if any of the streets to be surface treated, as voted, for, were not to be surface treated, one might see some ground for the action of the petitioner herein. But the very same addition to the sewage plant is to be made, and the very same streets are to be surface treated, as were in contemplation when the election was held.

There is no question of fraud or bad faith involved. There is no question of irregularity or illegality in the election. Why, then, may not the town council issue a lesser amount of the bonds voted for? No possible injury can come to the citizens of Honea Path; on the contrary, the very identical improvements to the sewage plant and the streets of the town, for which they voted, will be obtained at a saving of more than $10,000.00 to the town.

No case in exact parallel with this has been found in this or any other jurisdiction.

It is the policy of the Courts to further and aid the efforts of public corporations to improve and add to the facilities of such corporations looking to the health, comfort, and social advance to the people. To this end immaterial technicalities are not considered.

In the case of *Davis v. Town of Saluda,* 147 S. C., 498, 145 S. E., 412, 416, this Court said:

"The Court will take judicial knowledge of the fact that the establishment of such improvements would require for a term of years the imposition of a tax levy to pay for

them, but it by no means follows, as a necessary conclusion, that the imposition of such tax would amount to a confiscation of property. Besides, that is a question which the voters of the town were called upon to decide by ballot, and the overwhelming majority of the voters participating in said election have declared themselves in favor of establishing the water and sewer systems and issuing bonds to pay therefor. 'Every reasonable presumption will be indulged in to sustain an election.' *Rawl v McCown, supra* [97 S. C., 1, 81 S. E., 958]."

"Alleged errors which the record conclusively shows could not have affected the decision and judgment work no prejudice and constitute no ground for reversal." *Board of Com'rs of Lake County v. Keene Sav. Bank* (C. C. A. Eighth Circuit), 108 F., 505, 506.

By parity of reasoning we may say that the reduction by the town council of the amount of the bonds voted can work no prejudice to any one. It is, therefore, no ground for injunction in this matter.

In the case of *City of Gladstone v. Throop*, 71 F., 341 (C. C. A., Sixth Circuit), this occurs: "The village of G., Michigan, had power, under the statutes of that state, to grade and improve streets, to assess the cost of such improvements upon abutting property, and to issue bonds in anticipation of the collection of such assessments, which, when collected, should be applied in payment of the loan. The village directed the paving of a certain street, and assessed the cost of the improvement on the abutting property; but no preliminary resolution was passed fixing the improvement and assessment district, the assessment was never confirmed by a two-thirds vote of the trustees, and other formalities required by statute were neglected in making the assessment. Subsequently, after the acceptance of the work, and in order to pay the contractor, the village issued bonds, used a part of the money received from the sale in paying the contractor, and, having paid him the balance

due from the proceeds of the assessments, used the remainder of the proceeds of the loan in paying certain other bonds which were properly chargeable to its general fund. Held, that the failure to comply with the formalities in making the assessment, though it might have rendered the assessment void if objected to by property owners, constituted no defense to the bonds; such assessment having been collected and the proceeds thereof or of the bonds having been diverted to an improper purpose."

In the case of *Dick v. Scarborough*, 73 S. C., 150, 53 S. E., 86, we find that: The city of Sumter, of which George W. Dick was mayor, sought, in this Court, a writ of mandamus to compel R. Lee Scarborough, as chairman of the board of commissioners of public works, to sell certain muncipal bonds, turned over to the board by the city, and to use the proceeds to purchase the waterworks owned by the Sumter Water Power Company. The return of the board to the writ alleges that: "the bonds are invalid, unsalable, and void," because (a) they were issued for the purchase of waterworks already constructed, which was not allowed by the statute; (b) because the question voted on was, Shall the city purchase the waterworks owned and operated by the Sumter Water Power Company, and issue bonds therefor in such amount as may be necessary? It was alleged that the definite amount of the bonds to be issued should have been alleged.

We are not concerned with the disposition made by the Court of the first objection, further than to say it was not sufficient to authorize the granting of the petition for mandamus. As to the second objection, the Court said: "The facts of this case do not warrant the Court in sustaining the objection to the form of the ballot. Without doubt, it is safer in such elections to have the ballot express the precise amount to which it is proposed to issue bonds, for then there can be no doubt of the voter having fair notice of the import of his vote. But there is no statutory provisions as to the form of

the ballot, and the most that the Court can require in this respect is that the voter should have reasonable notice of the election and the issue it involved. In this case the ballot expressed that the issue was, whether the city should purchase the Sumter waterworks and issue bonds for the purchase money. The record shows the purchase price agreed on by the city council before the election was '$116,511.65, with certain small contingent additions for experimental boring of additional wells, and that this was published officially and was otherwise known to the qualified electors and the freeholders of the city of Sumter.' It thus appears that the municipal voters, with full knowledge, by the election gave their assent to a bond issue exceeding $116,000.00, which is the aggregate of the bonds actually signed and now in the hands of commissioners of public works. The bonds, therefore, cannot be held invalid on the ground that the ballots did not give notice to the voters of the issue involved in the election. Under the facts of this case the ballots were sufficient."

In *Sullivan et al. v. City Council of Charleston,* 123 S. C., 91, 116 S. E., 104, 112, this Court quoted and approved the action of this Court in *Dick v. Scarborough, supra.*

The *Sullivan case* cited from the case of *Trimmier v. Bomar,* 20 S. C., 354, 361, the following: "In elections the great matter is the result. When this is clearly ascertained, it sweeps away all technicalities. * * * Certainly manner and form should not be allowed to defeat the undoubted will of the people clearly expressed. This would be indeed subordinating and sacrificing the substance to the shadow."

In the matter now before us the people of the town of Honea Path, by a vote lacking but five of being unanimous, have declared that they wish bonds issued for the purpose of adding to the sewage plant of the town, and for the purpose of surface treating certain streets of the town. Shall this expressed will of the people be defeated because the

town council finds it possible to do the things the taxpayers desire to have done for less than they authorized by their votes the town council to expend?

The eminent jurist who wrote the opinion in the *Sullivan case* said this: "Beyond the protection to life, liberty, and property which the law guarantees, the greatest benefit which the average citizen obtains from his government is the enjoyment of good roads, good streets, and good schools. An advance along these lines should not be discouraged; and in the absence of any statutory or constitutional requirement that a definite or maximum amount be specified in the election issue, and in an instance of practical unanimity as to a proposition feasible and approved, it should not be withered by a strained and technical construction. Obstructionists to public enterprise and progress always appear; and, while their legal rights must be respected, the enterprise and progress should not be balked except upon the plain demonstration of such legal rights."

In support of his views thus announced, he quotes from the case of *Cheyenne v. State,* 17 Wyo., 90, 96 P., 244, the following: "A statute authorizing the issuance by municipalities of bonds for public improvements should be construed so as not to defeat the manifest object of the enactment, and hence a substantial compliance with the formalities in submitting the question of a bond issue to the voters, is generally sufficient."

And he quotes from *Hughes v. Sapulpa,* 75 Okla., 149, 182 P., 511, as follows: "Irregularities in a municipal bond election not tending to affect results are not to defeat the will of the majority, which is to be respected, even when irregularly expressed."

The bonds to be issued in this matter are, we think, protected and validated by Act No. 1360, approved the 18th day of March, 1936 (39 St. at Large, p. 2715), the title of which is as follows: "An Act to Validate Certain Bonds of Public Bodies in the State of South Carolina Issued

to Construct Any Project, Undertaking or Work, the Financing of Which is Aided by Means of a Loan or a Grant from the United States of America Through the Federal Emergency Administration of Public Works."

It is through this agency of the federal government, the town of Honea Path expects and has the assurance of a loan or grant of funds for the prosecution of the projects to add to the sewage system of the town, and to surface treat certain of its streets.

At the present session of the General Assembly of the State of South Carolina two Acts were passed validating the bonds authorized to be issued by the town of Honea Path at the election held September 24, 1935: One to validate the bonds in the sum of $17,707.00 to be issued for sewage improvements; and one to validate the bonds in the sum of $15,097.00, to be issued for street improvements. These Acts were signed by the Governor, January 29, 1937.

As to the second ground of objection by the petitioner:

We think there is no ground alleged nor proved in the agreed statement of the case which justifies the apprehension that the United States would refuse to advance the money it has agreed to advance the town of Honea Path in aid of the two projects herein alluded to. It has entered into contract with the town council to grant it this aid. Nothing in the conduct of the government in its prosecution of its vast benevolences in behalf of the rehabilitation of the country leads to the inference that it will refuse to carry out its contract.

"When the United States, with constitutional authority, makes contracts, it has rights and incurs responsibilities similar to those of individuals who are parties to such instruments." *Perry v. United States,* 294 U. S., 330, 55 S. Ct., 432, 435, 79 L. Ed., 912, 95 A. L. R., 1335.

In order to ascertain the amount of funds needed to complete the projects of adding to the sewage system of the town

and surface treating certain of its streets, the town of Honea Path had engineers to first determine the character of such improvements and the estimated cost thereof, and the total amounts thus determined were submitted, along with the formal application, to the Federal Emergency Administration of Public Works for its approval. In approving these projects the Administration of Public Works agreed to grant 45 per cent. of the estimated cost as a limit and, should the costs of the improvements prove to be less than the estimated cost after contracts were awarded and the work completed, then the 45 per cent. to be determined upon the basis of the final cost as actually determined.

It is patent that it would not be possible to collect 45 per cent. of the amount of the bonds voted at the election of September, 1935.

Section 3 of the validating Act of 1936, heretofore referred to, is as follow : "That in all cases where proceedings have heretofore been taken or begun authorizing bonds by any public body for the purpose of financing or aiding in the financing of any work, undertaking or project, the financing of which the United States of America through the Federal Emergency Administrator of Public Works has offered to aid by a loan or a grant or both, all such proceedings, including all proceedings for the authorization and issuance of bonds, and for the sale, execution and delivery thereof, are hereby validated, ratified, approved and confirmed, notwithstanding any lack of power (other than constitutional) of such public body or the governing body or commission or officers thereof, to authorize and issue such bonds, or to sell, execute or deliver the same, and notwithstanding any defects or irregularities (other than constitutional) in such proceedings, and the issuance of bonds pursuant to such proceedings is hereby approved and authorized, and such bonds are declared to be and shall be binding, legal, valid and enforceable obligations of such public body."

We think it is safe to presume that the United States will carry out its contract thereabout with the town of Honea Path.

It is apparent that the town council of Honea Path does not intend to issue and sell bonds in the sum of $32,804.00, the amount voted for at the election of September, 1935, for sewage and street improvements, but intends to issue and sell only $22,000.00 of bonds for the same purposes.

It is the judgment of the Court that the restraining order and rule to show cause, granted the 20th day of February, 1937, be, and the same hereby is, revoked and discharged, and the petition for permanent injunction is denied.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.