15252

COWARD v. NETTLES, MAYOR, *ET AL.*

(14 S. E. (2d), 551)

*Mr. C. W. Muldrow,* for petitioner,

*Mr. R. R. Whitlock* and *Mr. Huger Sinkler,* for respondents,

May 1, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

This is a controversy without action in the Original Jurisdiction of this Court, under the terms of Section 668 of the Code of Civil Procedure of 1932. The petitioner seeks to enjoin the municipal authorities of the Town of Lake City from imposing a paving assessment against his property abutting on Carolina Avenue in said town.

Power to make the assessment is asserted under the provisions of the general amendment to Article 10 of the State Constitution of 1895 which appears in the printing of the Constitution in Volume 1 of the Code of 1932, page 1162,

as the first Section numbered 17 of such Article, there being two sections bearing that number; it is as follows: "The General Assembly may authorize the corporate authorities of any or all incorporate cities and towns in the State to levy an assessment upon abutting property for the purpose of paying for permanent improvements on streets and sidewalks immediately abutting such property: Provided, That said improvements be ordered only upon the written consent of two-thirds of the owners of the property abutting upon the street, sidewalk, or part of either, proposed to be improved, and upon condition that said corporate authorities shall pay at least one-half of the cost of such improvements "

It appears that the town has procured the approval of the Works Progress Administration of the United States of a project for the contemplated street improvement whereby approximately sixty per cent. of the estimated cost of the labor and material will be provided and the assessment on the abutting property which the town proposes to make is for about forty per cent. of such cost.

This is attacked in the petition as not a compliance with the constitutional requirement that the town shall pay at least one-half of the cost because it is uncertain whether the Works Progress Administration will make the contemplated contribution in behalf of the town and the relevant portion of its "grant" is quoted in the record as follows: "It is agreed that the Works Progress Administration is under no obligation to initiate operations under this proposal, if it is approved, nor to complete the project if placed in operation."

On the basis of this "grant" the town council enacted an ordinance wherein it was recited, among other things, as follows: "It is found and determined that the Town Council of the Town of Lake City, through the sources recited in the preamble to this Ordinance, has made provision for the payment by the Town of Lake City of more than one-half ( ½ ) of the cost of said improvements and is, therefore, author-

ized by law to levy assessments against the owners of abutting property on said street."

It is stated in petitioner's brief and unchallenged by the respondents that the town concedes that it has no means of paying for its required share of the cost of the improvement other than the contribution thereto which it expects from the Works Progress Administration, and the latter is under no obligation to complete the project. Only a casual reading of its above-quoted agreement is necessary to come to this conclusion.

The nearest approach to the situation here presented which we find in the decisions of this Court is the case of *Bannister v. Lollis, Mayor,* 183 S. C., 218, 190 S. E., 511, in which it appears that the town of Honea Path obtained a grant of funds from another agency of the United States by which it was enabled to make improvements to its streets and sewage plant. However, in that instance there was an outright grant of funds whereby the United States was obligated and there was a contract evidencing such.

Under the facts presented and above set forth, we are constrained to hold that there is a failure of compliance by the town with the quoted constitutional provision. Petitioner's fear is well founded that the improvement to the street adjacent to his property may be commenced and there be a lack of means to complete it, under which circumstances the property might very well be injured and its value decreased instead of improved as now contemplated.

There are other points of attack, but having thus sustained the foregoing, the first stated in the petition, there is no necessity to consider the others.

The respondents are, therefore, permanently enjoined from imposing an assessment against petitioner's property under the cited ordinance which is adjudged invalid.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.