### KOCH et al. v. HARRIS et al.

No. 16657—Opinion Filed April 13, 1926.

**Schools and School Districts—Requisites for Petition for Bond Election in Separate School District—Invalidity of Election.**

Under the general school law of Oklahoma of 1913, and particularly by virtue of section 10283, C. O. S. 1921, a petition for an election to authorize the issuance of school district bonds in a school district maintaining separate schools for the races, to be valid, must be signed by at least one-third of the total number of qualified electors residing in the school district affected, including both white and colored electors therein. A bond election thereafter held, pursuant to a petition, invalid because not signed as required by said section 10283, is void, and the issuance of the bonds voted thereat will be enjoined at the instance of any qualified voter and taxpayer of said district.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Ben F. Harris et al., taxpaying voters of School District No. 8 of Creek County, against Herb Koch et al., board of directors of said school district, to restrain the issuance of certain school bonds. Judgment for plaintiffs, and defendants appeal. Affirmed.

Streeter Speakman, for plaintiffs in error.

Glen O. Young, Esq., for defendants in error.

Opinion by FOSTER, C. This was an action instituted in the district court of Creek county by the defendants in error, as plaintiffs, against the plaintiffs in error, as defendants, to restrain the issuance of certain school district bonds in the sum of $15,000. Parties will be hereinafter designated as they appeared in the trial court.

The plaintiffs in their petition alleged that they were duly qualified electors of school district No. 8 in Creek county, and resident taxpayers therein, and that the defendants, who were the duly elected, qualified, acting board of directors of said school district No. 8, were about to incur a bonded indebtedness by issuing and delivering the school bonds of said district No. 8 in the sum of $15,000, pursuant to a pretended election theretofore held, which was void, among other things, because the petition for said election had not been signed by one-third of the qualified electors of said district No. 8, as required by the statutes of Oklahoma.

The trial court filed findings of fact and conclusions of law, in which it found against every ground relied on by the plaintiffs in their petition for the invalidity of the bond issue, except that where it was asserted that the bond issue was void because the petition for the election had not been signed by one-third of the qualified electors of school district No. 8, and as to this issue the trial court found in favor of the plaintiffs and rendered judgment accordingly, enjoining the school board from issuing and delivering said bonds. After unsuccessful motion for a new trial the defendants gave notice of appeal, and the matter is now before this court on appeal by the defendants for a review of said judgment.

Defendants assail the judgment of the trial court in that it is not sustained by the evidence and is contrary to law. Plaintiffs contend that this court can review any matter in issue under the pleadings in the trial court, other than the alleged invalidity of the bond issue by reason of defects in the petition for the election, even though they prevailed in the trial court and obtained all of the relief which they sought in their petition, but in our view of the case this proposition is not material unless we conclude that the trial court erred in basing its judgment upon the alleged defect in the petition for the election.

For the present, then, every other question may be postponed except whether the trial court erred in holding the election void because of defects in the petition for the election. The trial court in its finding of fact No. 3 found that the petition for the bond election contained the names of 36 electors of school district No. 8, and that the total number of qualified electors at that time residing in said district was 150, of whom 85 were white and 65 were colored voters. The correctness of these findings of fact are not challenged by either of the parties. It is also conceded that separate schools for each race were maintained in said district, the negro school being denominated the "separate school," and the white school the regular "district school." It is contended by the defendants. however, that the trial court erred as a matter of law in its conclusion of law, in concluding that the negro voters were qualified electors at the election to authorize the bond issue so as to require their signatures to the petition calling the election.

It is also conceded, as we understand it; that the election was called for the purpose of voting bonds for the improvement of the regular white school of said district. The trial court found as follows:

"The court holds in determining the required number of signatures on the petition that the negro electors or voters living in that district must be taken into consideration, and, therefore, the petition is void and all proceedings thereafter are void for that reason. Now I conclude as a matter of law that the election is void."

Section 10283, C. O. S. 1921, provides in part as follows:

"Qualified electors, for the purpose of this article are hereby declared to be all persons, male or female, over the age of 21 years, who are citizens of the United States, and have been bona fide residents for more than three months next preceding such school district bond election, within the limits of such school district: Provided, that no such election shall be ordered unless a petition, stating purpose for which the bonds are to be issued. and signed by at least one-third of the qualified electors, as herein defined, of such school district, as shown by the last preceding enumeration, by the township trustee of the township in which such school district is located, shall have been presented to the district board, praying that a vote be taken for the issuing of such amount of bonds as may be asked for therein. * * *"

It will be noted that the above quoted provision of the Oklahoma Statutes was taken from the Statutes of 1893, as amended by

the Session Laws of 1895, p. 58, and is a part of that chapter of the Code wherein the Legislature outlined the procedure to be followed in voting and issuing school bonds.

The language employed by the Legislature is clear and expresses in unmistakable terms what was required to authorize a bond election. This statute necessarily affected the obligation of citizens to pay taxes, regardless of race, and the Legislature therefore was careful to omit any abridgment of the right to vote in such election on account of race.

There is nothing in the statute to indicate that the Legislature had in mind making the qualifications different from the qualifications of electors in general elections. Any attempt by the Legislature to have done otherwise would have presented serious constitutional objections. Notwithstanding section 3, article 13 of the Constitution of Oklahoma, providing for separate schools for white and colored children, and notwithstanding the general school law of 1913, by which a complete plan of separate schools for the races was provided for, the Legislature in said 1913 Act, while revising the entire school law of Oklahoma, retained without modification as a part of the school law of Oklahoma, as revised, the above-quoted provision of the 1893 Statutes, as a part of the article outlining the procedure to be followed in voting and issuing school district bonds.

While the article referred to was retained, the Legislature, by the 1913 Act, amended and modified the plan of separate schools for the races as outlined in the laws of 1907 and 1908 (section 7899, Rev. Laws of 1910), by providing in the new act, in place of separate and distinct school organizations for each race, each supervised by its own district board, for separate schools upon a plan whereby the regular school organization in the district could be maintained by the predominating race, and the schools of the minority race maintained by the county under the supervision and direction of the county superintendent as a central authority.

In short, there seems to have been a clear recognition by the Legislature, in all legislation enacted by it pertaining to public schools, that the procedure to be followed in voting and issuing school bonds was a separate and distinct subject of legislation from that by which it sought to vitalize section 3. article 13 of the state Constitution, providing for separate schools for the white and colored races, and we think the laws which it enacted, providing for separate schools for white and colored children, were

not intended to modify the prior legislation having to do with the mode of incurring public indebtedness for the maintenance of such schools, in respect of the qualifications of voters for that purpose.

The purpose sought to be accomplished in the legislation providing for separate schools for the races was to bring about the complete social separation of the races, and was not intended, as we understand it, to abridge any right of a member of either race in respect of a political or civil right. The laws providing for such separation have been uniformly upheld as within constitutional limitations.

The original 1893 Act (section 7836, Rev. Laws 1910), had to do with the mode and manner of incurring public indebtedness for the maintenance of public schools, and since the Legislature in the 1913 Act did not cover that particular subject, and since it did not specifically repeal the original act, we think said act survives as the only full and complete expression of the Legislature on that subject, and as to the matters covered by the prior act, should be governed exclusively by that act. Lowe et al. v. Consolidated School District No. 97, 79 Okla. 115, 191 Pac. 737.

The case of Ratliff et al. v. State, 79 Okla. 152, 191 Pac. 1038, cited and relied on by the defendants, has no application to the facts in the instant case. That case did not, as does the case at bar, in any sense involve the qualifications of voters at a bond election, or the sufficiency of a petition for such election.

We conclude that the trial court committed no error in holding that it was proper to take into consideration the colored voters of school district No. 8 of Creek county, in determining the sufficiency of the petition for an election to vote school district bonds in that district, and in holding the election void because the petition had not been signed by one-third of the qualified electors therein.

Having concluded that the trial court was correct in its general judgment in favor of the plaintiffs, it is unnecessary to consider and pass upon the other propositions urged in plaintiffs' brief. The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. pp. 992, 1050.