FOX et al. v. SEDAN CONSOLIDATED SCHOOL DISTRICT NO. 9 et al.

No. 29575. June 18, 1940.

*103 P. 2d 946.*

R. Place Montgomery, of Hobart, for plaintiffs in error.

Zink, Cunningham & Cunningham, of Hobart, for defendants in error.

OSBORN, J. This action was instituted in the district court of Kiowa county by Russell Fox, Ed Weiss, and Marston Flickinger, for themselves and others similarly situated, hereinafter referred to as plaintiffs, against Sedan consolidated school district No. 9 of Kiowa county, and Frank Slohn, Magness Mace, and M. Wiley, composing the board of directors of said school district, hereinafter referred to as. defendants, wherein plaintiffs sought to enjoin defendants from issuing and delivering school bonds of said district in the sum of $6,400. From a judgment in favor of defendants, plaintiffs have appealed.

Plaintiffs in their petition alleged several irregularities in the procedure leading up to the bond election in question, among which were alleged fraud in se-

curing signatures of voters to the petition for said bond election; that said petition was not signed by one-third of the qualified voters in said district; and that no proper enumeration of the qualified electors of said district had been made within one year prior to the filing of said petition. Upon the filing of the petition a temporary injunction was granted, but later suspended in order to permit the Attorney General to pass upon the validity of the proceedings. The Attorney General approved the proceedings, the issues were joined by answer of the defendants, and the cause tried to the court upon stipulated facts and evidence adduced at the trial.

Plaintiffs urge some six assignments of error under two propositions:

1. That the court erred in refusing to admit in evidence a copy of a WPA project for the building of a gymnasium at the school, said project showing a sponsor's contribution of some $12,200 instead of $6,400, the amount it was alleged the signers of the petition were told would be necessary to sponsor said project.

2. Plaintiffs' second proposition is the principal reason for this appeal and is based upon the proposition that the tax rolls are not a proper enumeration of the qualified electors against which to test the sufficiency of a petition calling for a school bond election.

In this connection the following stipulation was entered into between the parties:

"* * * That no actual enumeration of the qualified electors in the defendant district was taken prior to the calling of the bond election, but that the petition calling for said election was signed by 64 electors of said district, and was checked for sufficiency against the 1938 tax rolls of the county; that is to say, said petition was checked against an enumeration of the taxpayers in the district made by the county assessor in which he certified there were 84 taxpayers in the defendant district; that had there been an actual enumeration of all qualified electors, as such qualified electors are defined by applicable statute, in the defendant district, such enumeration would have disclosed the number of such electors in excess of 193, or in such a number that 64 would not have been one-third thereof."

Plaintiffs admit that this latter contention is in direct contravention of certain language in the case of Loftis v. School District No. 52, 144 Okla. 281, 290 P. 1101, promulgated by this court July 8, 1930. In that case the question involved was the sufficiency of the petition, and this court held that an enumeration by a school board member more than one year prior to the date of filing the petition was not a sufficient enumeration against which to check the petition. The opinion further stated that such a petition should be checked against the last rolls of the taxpayers of the district in the office of the county assessor. Plaintiffs claim the latter portion of the opinion is dictum, and urge the overruling of that portion of the opinion upon the theory that the statutes impose a mandatory duty upon the county assessor to enumerate all the qualified voters in each school district, rather than the taxpayers only, and retain such list in his office in order that petitions for school bond elections may be checked properly and thus assure the securing of the signatures of one-third of all the legal voters in the district before a school bond election may be held, it being clear that the taxpayers of the district may often compose only a relatively small percentage of all the qualified electors in a school district.

Sections 6733, O. S. 1931, 70 Okla. St. Ann. § 523, is, in part, as follows:

"Qualified electors for the purposes of this article, are hereby declared to be all persons, male or female, over the age of twenty-one years, who are citizens of the United States and have been bona fide residents for more than three months next preceding such school district bond election, within the limits of such school district: Provided, that no such election shall be ordered unless a petition, stating the purpose for which the bonds are to be issued and signed by at least one-third of the qualified electors, as

herein defined, of such school district, as shown by the last preceding enumeration by the township trustee of the township in which such school district is located, shall have been presented to the district board praying that a vote be taken for the issuing of such amount of bonds as may be asked therein. * * *"

At that time there was in effect statutes providing for a township trustee of each township, who, by virtue of his office, was township assessor. (Section 8203, R. L. 1910, sec. 10969, C. O. S. 1921.) During the third regular session of the Legislature there was passed an act abolishing the office of township assessor and creating the office of county assessor (chapter 152, S. L. 1910-11), which was amended in 1913 (chapter 210, S. L. 1913), and, as amended, is section 7733, O. S. 1931, 68 Okla. St. Ann. § 53, which is, in part, as follows:

"The county assessor provided for in this act shall have the same powers and perform the same duties in assessing property and making the returns thereof, in taking the assessment, and gathering statistical information as is now provided by law, not in conflict with this act, for township assessors. * * *"

From the foregoing it will be seen that such duties as were originally imposed upon township assessors are now the duties of the county assessors. It is therefore necessary to determine whether there was originally imposed the duty of enumerating the qualified electors in each school district upon the township assessors, which duty would now be devolved upon the county assessor.

A careful examination of the pertinent statutes upon the subject fails to reveal any instance wherein the Legislature imposed such a duty. There is merely such intimation that the assessor is under such duty as may be inferred from the language in section 6733, O. S. 1931, supra, where it is said: "* * * as shown by the last preceding enumeration by the township trustee. * * *" None of the statutes, supra, outlining the duties of the township assessors or the county assessors, intimate that an enumeration of the qualified electors of each school district must be made by them, nor have we found any provision wherein there is prescribed any method for determining as a matter of fact the total number of electors in a school district.

Admittedly, the Loftis Case, supra, places a construction upon the statutory authority which results in a situation sufficient to defeat the clear provisions of section 6733, O. S. 1931, supra, in that it appears to hold that the petition required by such section need contain but one-third of the number of electors as reflected by the tax rolls in the office of the county assessor. This portion of the opinion is dictum, and is hereby disapproved.

As we view it, the primary object of section 6733, supra, is to define qualified electors who shall be eligible to participate in school district bond elections, and to place a restriction upon the district board whereby such board cannot conduct an election and take a vote upon the question of whether bonds of such district shall be issued, unless there is first presented a petition to said board containing the names of one-third of the qualified electors in such district. Certainly this provision can have no reference to the number of taxpayers in such district, since the number of qualified electors may be several times the number of taxpayers, and many who are listed as taxpayers in the district may not even be residents thereof.

We therefore hold that as a prerequisite to the holding of an election for the purpose of issuing bonds of a school district there must be presented a petition containing the names of at least one-third of the qualified electors in said district as defined by section 6733, O. S. 1931, supra. See Koch v. Harris, 117 Okla. 172, 245 P. 848. The sufficiency of such petition is a question of fact to be determined in the first instance by the district board. Under the views herein expressed, it follows that no specific provision has been made by the Legislature for the purpose of determining the number of electors in such school districts.

In the instant case it clearly appears from the stipulation herein that less than one-third of the qualified electors signed the petition in question.

Having taken this view of the matter, it is unnecessary to give consideration to plaintiffs' first contention.

The judgment of the trial court is reversed, with instructions to grant a permanent injunction herein.

BAYLESS, C. J., WELCH, V. C. J., and HURST, DAVISON, and DANNER, JJ., concur. RILEY, CORN, and GIBSON, JJ., absent.