OVERSTREET et al. v. SCHOOL DIST. NO. 57, LE FLORE COUNTY, et al.

No. 30608. Sept. 21, 1943.

*141 P. 2d 265.*

Varner & Varner, of Poteau, for plaintiffs in error.

A. G. Windham, of Poteau, for defendants in error.

PER CURIAM. This action was instituted by Russell Overstreet and Tom Overstreet, hereinafter referred to as plaintiffs, against school district No. 57, Le Flore county, and E. M. Kelly, C. C. Caskey, and V. P. Bevil, as composing the school board of said district, to enjoin the issuance and delivery of certain bonds which had been authorized by the qualified electors of said school district at an election held for that purpose.

Plaintiffs alleged irregularity in the circulation of the petition to obtain the necessary signatures of more than one-third of the electors and irregularity in consideration of the said petition by the school district board at an informal meeting at which a member of the board was not present. It was stipulated that the bonds had been signed by the proper officials and that the issue had been approved by the Attorney General. The evidence adduced at the trial consisted of a transcript of the testimony which had been taken in a mandamus proceeding and compelled signing of the bonds. The trial court held that plaintiffs had failed to establish grounds for injunctive relief and entered judgment accordingly, and plaintiffs have perfected this appeal.

As grounds for reversal of the judgment the plaintiffs assign seven specifications of error, which they present under the following propositions:

"First Proposition. The bonds should not issue because one of the two petitions to call the election which were circulated in the school district did not state therein the amount of the proposed bond issue.

"Proposition Two. The school district board, as distinguished from a casual meeting of two of its members, never met and considered the sufficiency of the petition to call the election."

The evidence adduced at the trial shows that a complete preliminary petition was prepared, consisting of three pages, which were headed as follows:

"Petition for Election to Authorize the Issuance of School Bonds

"We, the undersigned, being qualified electors for this purpose of School District No. 57, Le Flore County, State of Oklahoma, hereby petition the School District Board, praying that a vote of the qualified electors of said School District be taken for the issuing of school bonds in the sum of_____Dollars, ($_____) for the purpose of erecting school building, repairing school site, and purchasing school furniture."

The first page of the petition had thereon the amount for which it was proposed to issue bonds; on the other pages this was left blank. The petition was separated into two petitions for the purpose of circulation and obtaining signatures thereon, and then reassembled and submitted to the school board. It further appears from the evidence that the amount of the bond issue was explained to all persons signing the petition and that no one was deceived by the failure to have the amount set out in the second page of the petition. Plaintiffs do not urge that there was any fraud practiced or that anyone was deceived, but on the contrary urge that since the preliminary petition was a prerequisite to jurisdiction of the district board to call the election (70 O. S. 1941 § 523; Fox et al. v. Sedan Consolidated School District No. 9, 187 Okla. 425, 103 P. 2d 946), the failure of each sheet to contain the statement of the amount for which the bonds would be issued rendered the entire petition wholly insufficient. Plaintiffs concede that they have been unable to find any case which so holds, but urge that we should now announce such a rule. We are unable to agree with the contention thus advanced. As pointed out in Fox v. Consolidated School District, supra, the sufficiency of the petition is to be determined in the first instance by the district board. It appears in the case at bar that this was done and that the board thereupon by resolution called the election at which the bonds in controversy were authorized by an affirmative vote of more than three-fifths of the qualified electors voting at such election. This satisfied the requirements of the statute, 70 O. S. 1941 § 521. The purpose of the petition in the first instance was to apprise the school district board of the desire of the electors of the district and when this has been fairly done and no fraud has been practiced, technical defects which do not substantially contravene statutory requirements should not be held to defeat the intention of the electors.

Plaintiffs next urge that the petition was not considered at a properly convened meeting of the district board. The

basis of the allegation seems to be the failure of the board to meet pursuant to a formal call. The evidence discloses that all of the persons composing the board were verbally notified that a meeting would be had, and that one member stated that he would not attend or participate in such meeting, and that thereupon the clerk and director met and as a board proceeded to consider the petition and to adopt a resolution calling the election which was subsequently held and that all of the proceedings otherwise had were regular in every respect. The record further shows that at the election thus held the electors of the school district were fully aware of the purpose for which the election had been called, the amount of bonds proposed to be issued and the purpose for which the money so raised would be expended, and that by their affirmative vote they authorized the issuance of the bonds in controversy. Under these circumstances we are of the opinion that the plaintiffs failed to show any ground for injunctive relief against the issuance and delivery of the bonds, and that the trial court properly so held.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.